**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NAARON K. DUNBAR,

                              Plaintiff,

                                                    8:20-CV-724
             v.                                     (LEK/DJS)

ONONDAGA COUNTY and STATE OF NEW YORK,

                              Defendants.

**APPEARANCES:**

NAARON K. DUNBAR
Plaintiff, *Pro Se*
17-B-2243
Riverview Correctional Facility
PO Box 247
Ogdensburg, New York 13669

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a Complaint submitted by *pro se* Plaintiff Naaron Dunbar, asserting claims pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By separate order, the Court approved Plaintiff's IFP Application.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (explaining that section 1915A applies to

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

- 3 -

complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Summary of the Complaint

Plaintiff's allegations relate to his November 2016 arrest. Compl. at p. 4; Dkt. No. 1-1. According to the Complaint, Plaintiff was arrested following the discovery of a weapon in the vehicle in which Plaintiff was a passenger. *Id.* Plaintiff denies that the weapon found was his. *Id.* The sole named Defendants are the State of New York and Onondaga County; none of the individual law enforcement officers involved in Plaintiff's arrest are named as parties. *See generally* Compl.

## C. Analysis of the Complaint

### *1. Statute of Limitations*

Plaintiff's claims are untimely. The statute of limitations for a section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). The only specific claim asserted in the Complaint is an unlawful "stop and frisk." Compl. at p. 5. "A claim deriving from an allegedly unconstitutional stop and frisk accrues on the date that the stop and frisk occurred." *Marshall v. Downey*, 2010 WL 5464270, at *5

- 4 -

(E.D.N.Y. Dec. 27, 2010) (citing cases).   Plaintiff's claims, therefore, accrued on November 15, 2016.  *See* Compl. at p. 4 (identifying date of incident).   This action was filed in June 2020.   Compl.   As a result, the claims are time barred and should be dismissed as untimely.

### 2. Sufficiency of the Allegations Against the Named Defendants

In the alternative, the Court recommends dismissal of the Complaint as to the specific Defendants presently named in the action.

### a. New York State

Under clearly established law, claims against the State of New York are barred by the Eleventh Amendment which provides states immunity in federal court.  *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).   The immunity specifically applies to bar claims brought against the State.  *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'").   That Plaintiff seeks injunctive relief, in addition to damages, does not affect the analysis since "such claims cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities."  *Olivo v. New York State Dep't of Corr. & Cmty. Supervision*, 2017 WL 2656199, at *3 (N.D.N.Y. June 20, 2017) (citing *Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991)).

"As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F.Supp.3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. Appx. 191, 192 (2d Cir. 2010) (internal citations omitted). No other basis for waiver or abrogation is set forth in the Complaint.

Where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Plaintiff cannot cure the deficiencies identified above as to the State's immunity from suit and so it is recommended that the State be dismissed with prejudice.

### b. Onondaga County

"In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted); *Carter v. Broome Cty.*, 394 F. Supp. 3d 228, 240–41 (N.D.N.Y. 2019). Plaintiff's Complaint makes no

allegation regarding the existence of an Onondaga County municipal policy or custom that caused the constitutional injury alleged. Absent such an allegation, the Complaint must be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at \*4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)). Where, as here, different and more specific pleading could remedy the defect warranting dismissal, a dismissal based on Plaintiff's failure to plead a policy or custom should be without prejudice to further amendment.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e) & 1915(A) as untimely;[2] and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

---

[2] Should the District Court disagree that dismissal based on the statute of limitations is appropriate, the Court nonetheless recommends that the Complaint be dismissed for the reasons identified in Point I(C)(2) above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated:   July 28, 2020
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).