UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

NAARON K. DUNBAR,

                Plaintiff,

-against-                                        8:20-CV-0724 (LEK/DJS)

ONONDAGA COUNTY, *et al.*,

                Defendants.
─────────────────────────────────────

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Naaron Dunbar brings this pro se action under 42 U.S.C. § 1983 against Onondaga County and the State of New York (collectively, "Defendants"). Plaintiff commenced the action on June 30, 2020. See Dkt. No. 1 ("Complaint"). On July 13, 2020, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), see Dkt. No. 5, which was granted on July 28, 2020, see Dkt. No. 7.

Also on July 28, 2020, the Honorable Daniel J. Stewart, United States Magistrate Judge, recommended dismissal of Plaintiff's Complaint with prejudice. See Dkt. No. 8 ("Report-Recommendation") at 7. Although Plaintiff filed, and the Court granted, a request for an extension of time in which to file objections to the Report-Recommendation, see Dkt. Nos. 9–10, no objections have been filed in this case, see Docket.

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

**II.    BACKGROUND**

    **A. Plaintiff's Factual Allegations**

Plaintiff challenges a November 2016 traffic stop of a vehicle in which he was traveling.

See Compl. at 4. Plaintiff alleges that officers surrounded the car with guns drawn, handcuffed him, and conducted a vehicle search. See id. Law enforcement recovered a gun, which Plaintiff alleges did not belong to him, during the search of the car. See id. His Complaint includes two counts, both of which allege that an illegal stop and frisk occurred. See id. at 5.

### B. The Report-Recommendation

In recommending dismissal of Plaintiff's Complaint with prejudice, Judge Stewart reasoned in the alternative. First, Judge Stewart wrote, dismissal is proper because Plaintiff's claims were not timely filed. In New York, § 1983 claims have a three-year limitations period, and Plaintiff initiated this action outside of that window. See R. & R. at 4–5. Even if Plaintiff's claims are timely, Judge Stewart reasoned, claims against both defendants should be dismissed. Plaintiff's claim against the State of New York should be dismissed, according to the Report-Recommendation, because states are immune under the Eleventh Amendment. See id. at 5–6. Judge Stewart recommended that this dismissal be with prejudice because the pleading defect is incurable. See id. at 6. The claim against Onondaga County should be dismissed because, in failing to identify a specific county policy or custom that caused his alleged constitutional injury, Plaintiff failed to plead the elements of a § 1983 claim. See id. at 6–7.

## III.   STANDARD OF REVIEW

### A. Review Under § 1915

Where, as here, a plaintiff proceeds IFP, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff is eligible to proceed IFP, it is the court's responsibility to

determine whether the plaintiff may properly maintain the complaint. See id.

When a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

### B. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV.   DISCUSSION

Plaintiff did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 8) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk shall close this action; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 02, 2020
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge